IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ) <br> LORI L. CARVER, ) <br>   ) <br>   Plaintiff, ) <br>   ) <br> v.   ) <br>   ) <br> PHYSICIANS PAIN SPECIALISTS OF ) <br> ALABAMA, P.C., et. al.; ) <br>   ) <br>   Defendants. ) | CIVIL ACTION NO.: 13-392 WS-N |

**DEFENDANT CASTLE MEDICAL, LLC'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS AND RESPONSE TO RELATOR'S MOTION TO COMPEL**

Defendant Castle Medical, LLC, ("Castle") respectfully moves this Court to stay discovery pursuant to Fed. R. Civ. P. 26(c) pending the Court's ruling on Castle's Motion for Judgment on the Pleadings, filed on August 2, 2017, (Doc. 125) and to deny Relator's Amended Motion to Compel (Doc. 127). In support of its motion, Castle states as follows:

**INTRODUCTION**

1. A stay of discovery and the parties' obligations under Fed. R. Civ. P. 26 is necessary in this case because Castle's Motion for Judgment on the Pleadings raises pure questions of law, and, if granted, the motion would terminate litigation.

2. Relator propounded Interrogatories, Requests for Production of Documents and Requests for Admissions to Castle on June 13, 2017. (Doc. 108). These discovery requests were served prior to the parties' serving their Initial Disclosures, with each party serving its initial disclosures on June 27, 2017. (*See* Doc. 117 *and* June 27, 2017 email from Relator

1

attaching Relator's Initial Disclosures, attached hereto as Exhibit A.). Castle served its Objections to the Relator's Interrogatories and Request for Production of Documents (hereinafter "Objections") and its Responses to Relator's Request for Admissions on July 13, 2017. (Doc. 120; *see also,* Doc. 127, quoting in full each discovery request that is the subject of Relator's Motion to Compel.)

3. Relator's summary of the conversations between counsel for Castle and counsel for Relator, as stated in Paragraphs (c) and (e) of her Amended Motion to Compel (Doc. 127), is in large part correct. Undersigned counsel for Castle, Christy Peek, spoke with Relator's counsel, Peter Mackey, on July 26, 2017, and informed Mr. Mackey that she did not yet have responsive information or documents from Castle but was endeavoring to obtain it and that Castle served its Objections in order to preserve said objections. Also during this phone call, and again in the communications described below, Ms. Peek reminded Mr. Mackey of Castle's position as stated in the parties' June 1, 2017 Rule 26(f) Planning Meeting that Castle would not respond to any discovery requests until a Protective Order was entered and also reminded Mr. Mackey that Relator had consented to this position. Before serving Castle's Objections, counsel for Castle recommended revisions to Relator's Proposed Protective Order and was still awaiting Relator's response when the Objections were served on July 13, 2017, and when Ms. Peek and Mr. Mackey spoke via telephone on July 26, 2017.

4. Upon further legal research and review of Relator's Second Amended Complaint and Initial Disclosures, it became apparent to Castle that a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) was appropriate in this matter. On August 1, 2017, via email, and on August 2, 2017, via telephone, Ms. Peek informed Mr. Mackey that Castle would be filing a motion for judgment on the pleadings along with a motion to stay discovery pending

resolution of the motion for judgment on the pleadings.  Mr. Mackey stated he would oppose a motion to stay discovery and would, in fact, file a motion to compel Castle's responses to Relator's Interrogatories and Requests for Production.

5.  After discussing these issues in good faith, the parties are unable to resolve the issues without the Court's assistance.

6.  Relator filed a Motion to Compel discovery on August 2, 2017, (Doc. 124) that was denied without prejudice due to technical deficiencies in the motion.  (Doc. 126).

7.  Relator then filed her Amended Motion to Compel on August 3, 2017. (Doc. 127).

8.  Castle opposes Relator's Motion to Compel and respectfully requests that this Court stay all discovery in this matter pending resolution of its Motion for Judgment on the Pleadings.

## ARGUMENT

9.  A court has the discretion to stay discovery in a case for "good cause shown." Fed. R. Civ. P. 26(c)(1).  A party shows good cause for a stay of discovery where disposition of a motion could "entirely eliminate the need for such discovery." McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (internal quotation omitted); *see also* Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); Anderson v. United States Attorneys Office, No. CIV. A.  91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (attached hereto as Exhibit B pursuant to S.D. Ala. CivLR 7(f)(2)); Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001).

10. Castle filed its Motion for Judgment on the Pleadings because Relator failed to state a claim against Castle upon which relief can be granted. More than three years after Relator initiated this case with the filing of her initial *Qui Tam* Complaint (Doc. 1), Relator has failed to adequately and sufficiently allege the necessary elements of any of the claims against Castle in the Second Amended Complaint (Doc. 29). Therefore, Castle is entitled to judgment as a matter of law with respect to all of Relator's claims against it and has requested such an order from this Court.

11. The district court is given broad discretion to stay discovery pending its decision on a motion challenging the legal sufficiency of a claim. The Eleventh Circuit has instructed:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should …be resolved **before** discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (emphasis added) (internal citations omitted).

12. Furthermore, Relator should not be given a free pass to discovery so that she may attempt to "find" evidence in support of her deficient claims against Castle that are based on unspecified and unsupported allegations of purported fraud. U.S. ex rel. Keeler v. Eisai, Inc., 568 F. App'x 783, 804-05 (11th Cir. 2014) (recognizing that "to use documents obtained in discovery to overcome pleading hurdles would circumvent the purpose of Rule 9(b)").

13. The Eleventh Circuit encourages the district courts to stay discovery in such cases because "[a]llowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action

before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." Chudasama, 123 F.3d at 1368.

14. The Interrogatories and Requests for Production propounded by Relator include requests for production such as,

> "4.   Produce each and every claim you filed with Medicare, Medicaid, and Tricare (i.e. all claim files and all supporting documentation) that concerns patients of PPSA during the date range of March 1st, 2013 to July 2015."
> […]
> "7.   Produce all of your 'business documents' that relate to the PPSA Account."

(*See* Doc. 127 pp. 5, 6).

These requests are extensive and providing thorough, responsive information, a good deal of which is electronically stored information, is likely to be very costly to Castle. As the Eleventh Circuit has pointed out, discovery burdens include

> the time spent searching for and compiling relevant documents…the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in …reviewing the opponent's objections and responses.

Chudasama, 123 F.3d at 1367. For these reasons, staying discovery in this matter until the Court has ruled on Castle's Motion for Judgment on the Pleadings may save the parties (and this Court) significant time and resources.

5

15.  Moreover, Relator will suffer no harm or prejudice from a stay of discovery pending the outcome of Castle's Motion for Judgment on the Pleadings.  Relator responded to said motion on August 16 (Doc. 133), and Castle's reply is due on or before August 23 (Doc. 128). Thus, any stay would presumably be of short, reasonable duration as the Court is taking Castle's Motion for Judgment on the Pleadings under submission within the next week.  (Doc. 128).

## CONCLUSION

WHEREFORE, Castle respectfully requests the entry of an order staying all discovery in this case pending the Court's ruling on its Motion for Judgment on the Pleadings and/or for such other, further and different relief as this Court deems appropriate.

Respectfully submitted this 17th day of August, 2017.

> /s/ Christy P. Peek
> CHRISTY P. PEEK (PEEKC7628)
> RICHARD D. SANDERS (SANDR4664)
> *Attorneys for Defendant Castle Medical, LLC*

**OF COUNSEL:**
THE SANDERS LAW FIRM, P.C.
3530 Independence Drive
Birmingham, Alabama 35209
(404) 806-5575 (Telephone)
(866) 871-2238 (Facsimile)
cpeek@southernhealthlawyers.com
rsanders@southernhealthlawyers.com

/s/ *Blair G. Mattei*
MICHAEL E. UPCHURCH (UPCHM2707)
BLAIR G. MATTEI (GRAFB2757)
*Attorneys for Defendant Castle Medical, LLC*

**OF COUNSEL:**
FRAZER, GREENE, UPCHURCH & BAKER, LLC
Post Office Box 1686
Mobile, Alabama 36633
(251) 431-6020 (Telephone)
(251) 431-6030 (Facsimile)
meu@frazergreene.com
bgm@frazergreene.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on August 17, 2017, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System which will automatically serve the same via electronic mail and/or by placing same in the United States mail, first class postage prepaid and properly addressed to the following:

| **BY CM/ECF:** | **BY U.S. Mail:** |
|---|---|
| Gregory E. Vaughan, Esquire | Hon. Jefferson B. Sessions, III |
| Richard H. Holston, Esquire | Attorney General of the United States |
| Holston Vaughan, LLC | U.S. Department of Justice |
| 211 South Cedar Street | 950 Pennsylvania Avenue, NW |
| Mobile, AL 36602 | Washington, DC  20530-0001 |
| gev@holstonvaughan.com | |
| rhh@holstonvaughan.com | Douglas J. Rosenthal, Esq. |
| *Attorneys for Relator Lori L. Carver* | Trial Attorney |
| | United States Department of Justice |
| Peter F. Burns, Esquire | Civil Division, Fraud Section |
| William M. Cunningham, Jr., Esquire | 600 E. Street, N.W. |
| Peter S. Mackey, Esquire | Bldg. BCN-6932 |
| Troy T. Schwant, Esquire | Washington, DC  20004 |
| Burns, Cunningham & Mackey, P.C. | Douglas.j.rosenthal@usdoj.gov |
| P.O. Box 1583 | |
| Mobile, AL 36633 | |
| pfburns@bcmlawyers.com | |
| wmcunningham@bcmlawyers.com | |
| psmackey@bcmlawyers.com | |
| tschwant@bcmlawyers.com | |
| *Attorneys for Relator Lori L. Carver* | |

Deidre L. Colson, Esquire
Steven E. Butler, Esquire
U.S. Attorney's Office
63 South Royal Street, Suite 600
Mobile, AL 36602
deidre.colson@usdoj.gov
steven.butler@usdoj.gov
*Attorneys for the United States*

**Defendants upon whom service is not required under Fed. R. Civ. P. 5(a)(2):**

Physicians Pain Specialists of Alabama, PC
*Defendant*

John Patrick Couch, M.D.
*Defendant*

C&R Pharmacy, LLC
*Defendant*

Xiulu Ruan, M.D.
*Defendant*

*/s/ Christy Peek*
OF COUNSEL