**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>*ex rel.* **LORI L. CARVER,** )<br>         **Plaintiff,** )<br>                                                   )<br>**v.**                                              )<br>                                                   )<br>**PHYSICIANS PAIN SPECIALISTS** )<br>**OF ALABAMA, P.C.,** *et al.*,  )<br>         **Defendants.**          ) | **CIVIL ACTION NO. 13-00392-WS-N** |

**ORDER**

This action is before the Court on the amended motion to compel (Doc. 127) filed by Relator Lori L. Carver against Defendant Castle Medical, LLC ("Castle") under Federal Rule of Civil Procedure 37, Castle's response to the amended motion to compel and motion to stay discovery (Doc. 134), and related briefing (Docs. 137, 138). Briefing is now closed on both motions. (*See* Docs. 129, 135). The Court has referred both motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (8/3/2017 & 8/18/2017 electronic references).

Castle's motion requests a "stay of discovery and the parties' obligations under Fed. R. Civ. P. 26" pending the Court's disposition of Castle's motion for judgment on the pleadings (Doc. 125), asserting that such a stay "is necessary in this case because Castle's Motion for Judgment on the Pleadings raises pure questions of law, and, if granted, the motion would terminate litigation." (Doc. 134 at 1).[1] In her response in

---

[1] The motion for judgment on the pleadings has not been referred to the undersigned for action and is instead being handled directly by District Judge William Steele. (*See* 8/3/2017 electronic reference; Doc. 128).

opposition to the motion to stay, Carver acknowledges that "this Court clearly has discretion to decide the issue either way" but points out that the motion to stay was only filed when Castle "was in default on the sought after discovery" in the amended motion to compel. (Doc. 137).

The Court has wide discretion in setting discovery limits. *E.g.*, *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 354 (11th Cir. 2012). Castle is correct that in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), the Eleventh Circuit Court of Appeals acknowledged:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should… be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.[2] *See Mitchell v. Duval County Sch. Bd.,* 107 F.3d 837, 838 n.1 (11th Cir. 1997) (per curiam). Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion. *See Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

123 F.3d at 1367. However, as Castle itself emphasizes in its motion to stay, *Chudasama* admonished that motions to dismiss based on failure to state a claim should be resolved "***before*** discovery begins." 123 F.3d at 1367 (emphasis Castle's). Castle fails to appreciate that this action has already been allowed to proceed to discovery, with no resistance from Castle until recently.

---

[2] The same is true for motions for judgment on the pleadings. *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999) ("When reviewing judgment on the pleadings, we must take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party.").

Castle filed its answer to the operative complaint on April 10, 2017. (Doc. 51). No motion to dismiss or for judgment on the pleadings accompanied the answer.[3] A preliminary scheduling order, requiring the parties to "meet and file a report pursuant to Fed.R.Civ.P. 26(f)[,]" was entered the following day. (Doc. 54). At no time did Castle request to be relieved of this obligation, despite the fact that a Rule 26(f) conference generally commences discovery in civil actions, *see* Fed. R. Civ. P. 26(d)(1); rather, Castle's counsel joined in signing the parties' planning report, which was timely filed on June 2, 2017 and, notably, contained the parties **jointly** proposed discovery plan. (Doc. 102). No party requested a scheduling conference with the Court in the report, and the undersigned entered a scheduling order on June 7, 2017 (Doc. 106).[4]

Carver served her first set of interrogatories, requests for production, and requests for admissions on Castle June 13, 2017. (*See* Doc. 108). Only on August 1, 2017, after Carver had already once inquired about Castle's deficient responses to her discovery requests (*see* Doc. 124 at 1), did Castle inform Carver that it would file a motion for judgment on the pleadings and a motion to stay discovery. (*See* Doc. 134 at 2). Carver's initial motion to compel and Castle's motion for judgment on the pleadings were filed the same day, on August 2, 2017. (*See* Docs. 124, 125). The motion to stay

---

[3] On the other hand, three other defendants did file motions to dismiss the operative complaint. (Docs. 72, 81, 87). With the Court's permission, Carver subsequently dismissed those defendants voluntarily. (*See* Doc. 93).

[4] That Castle allowed this to happen unchallenged further undercuts its position in the motion to stay. *See Chudasama*, 123 F.3d at 1368 ("[W]hen faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion **before entering discovery orders**, if possible." (emphasis added)).

discovery, however, was not filed until August 17, 2017, the last day for Castle to respond to the motion to compel. (*See* Docs. 129, 134).

In sum, though it asserts that its pending dispositive motion asserts "pure questions of law" that do not require discovery to address, Castle waited almost four months to raise these questions of law after filing its answer, during which it participated in preparing a discovery plan and allowed discovery to proceed for approximately two months. Apart from conclusory assertions that it brought its motion for judgment on the pleadings based "[u]pon further legal research and review of Relator's Second Amended Complaint and Initial Disclosures" (Doc. 134 at 2), Castle has offered no explanation for this lengthy delay.

Moreover, this Court has recognized that

> [t]he *Chudasama* decision does not mandate that discovery be stayed whenever a motion to dismiss is pending. Instead, *Chudasama* stands for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.
>
> In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. To this end, the court must take a 'preliminary peek' at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive.

*Blevins v. Aksut*, Civil Action No. 15-00120-CG-B, 2015 WL 2098017, at *1–2 (S.D. Ala. Apr. 17, 2015) (Bivins, M.J.) (citations and quotations omitted), *aff'd*, 2015 WL 2097984 (S.D. Ala. Apr. 29, 2015) (Granade, J.).

Having taken a "preliminary peek" at the motion for judgment on the pleadings and related briefing (Docs. 125, 133, 136), the undersigned finds that Castle has failed to show a stay of discovery pending disposition of the motion is warranted. The motion

is lengthy and raises a number of different arguments based on Carver's purported failure to plead her claims with the particularity required by Federal Rule of Civil Procedure 9(b), arguments which are (1) not before the undersigned for consideration, and (2) will likely require a close examination of the extensive allegations in the operative complaint (Doc. 29).  The undersigned cannot conclude at this time that any probability the motion will be granted in its entirety sufficiently outweighs the harm a delay in discovery will produce in this complex case.  The fact that Castle waited almost four months to raise a facial challenge to the sufficiency of Carver's operative complaint based on "pure questions of law" (in the meantime allowing discovery to commence and proceed for two months) further militates against a finding that the dispositive motion is so "clearly meritorious" as to now warrant a stay of discovery.[5]  Accordingly, the undersigned finds that Castle has failed to show good cause to stay discovery in this action, and its motion to stay (Doc. 134) is **DENIED**.

As for Carver's amended motion to compel, in response Castle represents that, at the June 1, 2017 Rule 26(f) planning meeting, counsel for Castle and Carver agreed "that Castle would not respond to any discovery requests until a Protective Order was entered…Before serving Castle's Objections, counsel for Castle recommended revisions to Relator's Proposed Protective Order and was still awaiting Relator's response when the Objections were served on July 13, 2017, and when [counsel] spoke via telephone on July 26, 2017." (Doc. 134 at 2).  Carver does not refute these representations (*see* Doc. 137), and the undersigned notes a joint motion for a protective order governing confidentiality was filed the day after Carver filed her amended motion to compel.  (*See*

---

[5] The undersigned expresses no opinion on the ultimate merits of the motion for judgment on the pleadings.

Doc. 130). That motion was granted in part, and the undersigned entered the parties' proposed protective order as an order of the Court, with some modifications, on August 7, 2017. (*See* Docs. 131, 132).

Upon consideration, Carver's amended motion to compel (Doc. 127) is **GRANTED**, as follows: No later than **Monday, September 25, 2017**, Castle must serve new and complete responses (which may include valid objections) to all of Carver's discovery requests that are the subject of the motion. However, given the above-described agreement between counsel, and the fact that Castle has raised non-frivolous (though unsuccessful) arguments in favor of staying discovery, the undersigned finds that Castle's nondisclosure was substantially justified, such that Carver will not be awarded "reasonable expenses" incurred in making the amended motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

**DONE** and **ORDERED** this the 1st day of September 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**