# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. LORI L. CARVER, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 13-0392-WS-N ) |
| PHYSICIANS' PAIN SPECIALISTS OF ALABAMA, P.C., et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the objection of defendant Castle Medical, LLC ("Castle") to a Magistrate Judge order. (Doc. 140). The Court has reviewed the objection and accompanying brief and concludes that no further briefing is required.

## BACKGROUND

The order at issue denied Castle's motion to stay discovery and granted the plaintiff's motion to compel discovery. (Doc. 139). The relevant timeline is as follows:

- March 20, 2017    Castle is served with process
- April 10, 2017    Castle files its answer
- June 2, 2017    Parties file their Rule 26(f) report
- June 13, 2017    Plaintiff serves discovery requests on Castle
- August 2, 2017    Plaintiff files a motion to compel
- August 2, 2017    Castle files a motion for judgment on the Pleadings ("JOP")

Castle's motion was based on its filing of a motion for JOP which, Castle

asserted, established good cause for a stay of discovery as required by Rule 26(c)(1). (Doc. 134). The Magistrate Judge denied the motion because Castle had failed to demonstrate that its JOP is clearly meritorious, because the probability the case would be dismissed in its entirety did not sufficiently outweigh the harm of a delay in discovery, and because Castle had permitted discovery to continue for two months before filing its motion for JOP. (Doc. 139).

A Magistrate Judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that [her] order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(a). As this Court has observed on repeated occasions, "[t]he 'clearly erroneous or contrary to law' standard of review is extremely deferential. ... Relief is appropriate under the 'clearly erroneous' prong of the test only if the district court finds that the Magistrate Judge abused [her] discretion or, if after reviewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made. ... With respect to the 'contrary to law' variant of the test, an order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Wright Transportation, Inc. v. Pilot Corp.*, 2013 WL 5718997 at *1 (S.D. Ala. 2013) (internal quotes omitted).

**DISCUSSION**

Castle identifies three grounds for objection to the Magistrate Judge's denial of its motion to stay discovery: (1) the order misapplies the standard applicable to such motions when they are grounded on the pendency of a case-dispositive facial challenge to the complaint; (2) the order incorrectly relies on the timing of the motion for JOP; and (3) the order contravenes the requirement that a plaintiff satisfy Rule 9(b) before gaining access to discovery. (Doc. 140 at 1).

**I. Misapplication of Governing Standard.**

The standard identified by Castle is one of "balanc[ing] the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." (Doc. 141 at 5). "To this end, the court must take a preliminary peek at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." (*Id*.). The Magistrate Judge identified this as the standard and applied it. (Doc. 139 at 4).

**A. Preliminary Peek.**

The Magistrate Judge first misapplied the standard, says Castle, by not actually taking a "preliminary peek" and evaluating the merits of its motion for JOP but instead simply noting: the motion's length; the number of arguments raised therein; the need for a close examination of the extensive allegations of the complaint; the assignment of the motion to the undersigned for resolution rather than to the Magistrate Judge; and Castle's four-month delay in filing its motion for JOP. (Doc. 141 at 5-6; Doc. 139 at 4-5).

There are several fatal flaws in Castle's argument. First, Castle has not demonstrated that Supreme Court or Eleventh Circuit precedent dictates that the Magistrate Judge take a "preliminary peek" at the merits of the substantive motion. As Castle notes, the Magistrate Judge simply borrowed this standard from another Magistrate Judge. As Castle does not note, that Magistrate Judge borrowed the standard from another Magistrate Judge, who borrowed it from yet another Magistrate Judge, who cited no authority for the standard. Because Castle has not shown that the Magistrate Judge was required by Congress or a higher court to take a preliminary peek at the merits, it has not shown that any failure to do so furnishes grounds for overruling her decision.

In a related vein, Castle has not shown that the standard as promulgated by non-binding sources mandates a preliminary peek at the merits. On the contrary, the progenitor of the standard said only that it "*may be helpful* to take a preliminary peek at the merits of the allegedly dispositive motion." *Simpson v.*

3

*Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988) (emphasis added). A number of lower courts in this Circuit have employed the permissive "may." *E.g., Williams v. Educational Credit Management Corp.*, 2015 WL 493767 at *1 (M.D. Fla. 2015); *Ameris Bank v. Russack*, 2014 WL 2465203 at *1 (S.D. Ga. 2014); *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470 at *1 (M.D. Ga. 2008). Castle has thus failed to demonstrate that the standard it espouses requires, rather than simply permits or encourages, a preliminary peek at the merits of the substantive motion. The Magistrate Judge's ruling cannot be overturned because she failed to do something she was not required to do.

Finally, Castle has not demonstrated that a preliminary peek at the merits, even were it mandated by law, was not accomplished by the Magistrate Judge. The peek, remember, is only "preliminary," and to favor a stay it must show the motion for JOP is apparently "clearly meritorious." Castle has identified no authority for the proposition that a preliminary peek requires a court – especially a court not assigned to resolve the underlying motion – to expend considerable judicial resources in analyzing myriad arguments ranging over hundreds of pages[1] – unaided by the movant[2] – before concluding the movant has not shown the underlying motion to be not merely potentially meritorious but "clearly" so. In

---

[1] Castle's two briefs in support of its motion for JOP total some 40 pages and, as the Magistrate Judge correctly noted, toss out many different arguments. (Docs. 125, 136). Castle also submitted over 110 pages of case law it presumably finds vital to the success of its motion. (Docs. 125-1, 136-1). The plaintiff's brief in opposition added another 27 pages of argument. (Doc. 133). And the complaint against which all this argument had to be measured is itself 56 pages long. (Doc. 29).

[2] Castle's principal brief in support of its motion to stay discovery simply acknowledged the complaint and the underlying motion. (Doc. 134 at 4). Its reply brief simply directed the Magistrate Judge to its briefs on the underlying motion. (Doc. 138 at 2). While Castle did cite to one six-page section of its reply brief on the underlying motion, it did not identify this section as containing its best argument in support of JOP but only as addressing a particular flaw in the complaint that the plaintiff's pending discovery requests sought to remedy. (*Id*. at 2-3).

such a situation, it may well be sufficient for a court to conclude from the volume of material and arguments – not to mention the movant's apparent lack of confidence in the motion as reflected in its long delay before filing it – that the movant has not met its burden. The Court need not decide if this is the law; Castle's failure to demonstrate it is not the law – indeed, its failure even to attempt such a demonstration – means it has not met its stiff burden of showing grounds to overturn the Magistrate Judge's ruling.

**B. Balancing.**

Castle also argues the Magistrate Judge misapplied the governing standard in her balancing of the harm resulting from a stay of discovery against the possibility its motion for JOP will be granted in full (obviating all discovery) or in part (narrowing the range of discovery). (Doc. 141 at 6-9). Castle argues the Magistrate Judge identified no harm from a stay of discovery and, on the other side of the scale, ignored both the possibility it will prevail in part on a specific part of its motion for JOP and the harm it will incur without a stay (the time and financial cost of discovery and the assistance such discovery could provide the plaintiff in adequately repleading her claims).

Because Castle identifies no law identifying what does and does not constitute harm from a stay of discovery, it has not shown the Magistrate Judge erred by finding such harm. Because Castle did not argue to the Magistrate Judge that its motion for JOP will likely, or even possibly, succeed in eliminating from the action the time period during which the plaintiff was not employed by a co-defendant, (Doc. 141 at 7), the Court will not consider it.[3] And because Castle has not attempted to show that harm to the party seeking a stay of discovery is part of

---

[3] "[A] district judge has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). This Court applies *Williams*. *E.g., White v. Thyssenkrupp Steel USA, LLC*, 2010 WL 2042331 at *3 (S.D. Ala. 2010).

5

the balancing formula, it cannot place the Magistrate Judge in error for not considering it.

## II. Timing of the Motion for JOP.

Castle insists that its motion for JOP was not untimely under Rule 12(c). (Doc. 141 at 9-13). This is correct, but it is also beside the point. A motion for JOP tests the facial adequacy of the pleading. Castle admits that it could have filed such a motion as soon as it filed its answer in April but did not do so only because it failed to realize until much later that the complaint was subject to such a challenge. (*Id*. at 12; Doc. 134 at 2). By attending a Rule 26(f) conference and presenting a plan for discovery, Castle willingly triggered the commencement of formal discovery pursuant to Rule 26(d)(1), and the plaintiff thereafter properly submitted discovery requests. Even then, Castle did nothing, not filing its motion for JOP until two full months after discovery opened.

The discovery rules protect those who seek their protection, and "motions to stay discovery are disfavored." *Nece v. Quicken Loans, Inc.*, 2017 WL 2868408 at *4 (M.D. Fla. 2017); *accord McMillan v. Department of Corrections*, 2013 WL 11762140 (N.D. Fla. 2013); *Iyamu v. Clarfield, Okon, Salomone & Pincus, P.L.*, 2013 WL 11941573 at *1 (S.D. Fla. 2013); *Massey v. Federal National Mortgage Association*, 2012 WL 3685959 at *1 (S.D. Ga. 2012). The Magistrate Judge understandably concluded that Castle, by permitting discovery to proceed for two months rather than filing a motion for JOP that was at all times available to it, displayed such indifference to the conduct of discovery as to weigh against good cause for a stay of discovery. Again, the Court need not resolve whether this approach is legally proper, because Castle has failed to demonstrate that it is not.[4]

---

[4] Castle relies solely on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), which does not sustain its position. "Facial challenges to the legal sufficiency of a claim … should … be resolved before discovery begins." *Id*. at 1367. Fine, but that places the onus on the defendant to *make* the challenge before discovery begins, which Castle inexplicably failed to do. "[W]hen faced with a motion to dismiss a claim for

### III. Rule 9(b) as a Barrier to Discovery.

Castle suggests that the Eleventh Circuit has squarely forbidden discovery before a plaintiff satisfies Rule 9(b). (Doc. 141 at 13-14). Taken out of context, some of Castle's authorities may sound like they support that proposition. But none of these cases say that a defendant can force a halt to ongoing discovery (which it has cooperated in commencing through Rule 26(f)) whenever it wants by the simple expedient of filing a motion raising Rule 9(b) objections. Castle has again failed to demonstrate error justifying overruling the Magistrate Judge's decision.

### CONCLUSION

Whatever might have happened had Castle filed its motion for JOP and motion to stay discovery in April or May, it did not do so. Instead, it waited until discovery was in full swing and it was in default of its discovery obligations. Presumably, Castle had good reasons for this approach, but one consequence is that it irreparably tarnished its claim to a stay of discovery. The threshold for overturning a Magistrate Judge's ruling on a non-dispostive matter is purposefully high, and Castle has not come near to clearing it. For the reasons set forth above, the Magistrate Judge's order denying Castle's motion to stay discovery and granting the plaintiff's motion to compel discovery is **affirmed**.[5]

DONE and ORDERED this 22nd day of September, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible." *Id*. at 1368. Here that approach is not possible, again thanks to Castle's failure to pursue a motion for JOP until long after it was in default of its discovery obligations.

[5] Because this order resolves its objection, Castle's request for guidance or, in the alternative, motion to stay pending deadline, (Doc. 142), is **denied as moot**. Any relief from the deadline established by the Magistrate Judge for responding to the plaintiff's discovery requests, (Doc. 139 at 6), must be sought from her.