IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA, ex rel. )
LORI L. CARVER, )
　　　　　　　　　　　　　　　　　　　　 )
　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　 )
v. ) CIVIL ACTION 13-0392-WS-N
　　　　　　　　　　　　　　　　　　　　 )
PHYSICIANS' PAIN SPECIALISTS OF )
ALABAMA, P.C., et al., )
　　　　　　　　　　　　　　　　　　　　 )
　　　Defendants. )

ORDER

This matter is before the Court on two motions filed by the relator: a motion to alter, amend or vacate, (Doc. 158), and a motion for leave to file a third amended complaint. (Doc. 156). The motions address the relator's claims against defendant Castle Medical, LLC ("Castle"). The interested parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 156-58, 166, 168, 174),[1] and the motions are ripe for resolution. After careful consideration, the Court concludes the first motion is due to be denied and the second is due to be granted.

BACKGROUND

The relator in this False Claims Act case was employed by defendant Physicians Pain Specialists of Alabama, P.C. ("Pain"). In August 2013, she filed this action against Pain and against the two doctors ("Ruan" and "Couch") who owned Pain. (Doc. 1). In August 2014, she filed a first amended complaint that added a pharmacy as a defendant. (Doc. 8). In October 2016, the government

---

[1] Both sides submitted corrected versions of briefs, obviating consideration of the original versions. (Docs. 163, 167).

filed its notice of non-intervention. (Doc. 24). The relator then filed a second amended complaint that added four more defendants, including Castle. (Doc. 29). In December 2016, the government gave notice of non-intervention as to this pleading. (Doc. 30).

Castle was served with process in March 2017 and filed its answer on April 10, 2017. The relator served discovery requests on Castle on June 13, 2017, shortly after the parties filed their Rule 26(f) report. Castle ignored the requests, and on August 2, 2017, the relator filed a motion to compel. (Doc. 124). Castle, aware of the impending motion to compel, filed a motion for judgment on the pleadings ("JOP") less than two hours later. (Doc. 125). Two weeks after that, Castle filed a motion to stay discovery pending resolution of its motion for JOP. (Doc. 134). The Magistrate Judge denied this motion on multiple grounds, including Castle's conduct in permitting discovery to continue for two months before filing its motion for JOP, long after it was in default of its discovery obligations. (Doc. 139). In the same order, the Magistrate Judge granted the relator's motion to compel. (*Id.*).

Castle objected to the former ruling, but the Court affirmed the Magistrate Judge, noting in particular Castle's: (1) acquiescience in preparing and submitting a Rule 26(f) report (which triggered the opening of discovery); (2) ignoring of the relator's discovery requests (which placed Castle in default and exposed to a motion to compel); and (3) four-month delay in filing a motion for JOP that it conceded had been available to it from the day it was served with process. (Doc. 143).[2]

The Court's order affirming the Magistrate Judge was entered on September 22, 2017. Four days later, in compliance with the Magistrate Judge's order granting the relator's motion to compel, Castle produced 14,000 pages of

---

[2] *United States ex rel. Carver v. Physicians Pain Specialists, P.C.*, 2017 WL 4224587 (S.D. Ala. 2017).

discovery material. (Doc. 158 at 2). Castle produced an additional 313 pages of material on October 25, 2017. (*Id*. at 2, 9 n.6).

On October 27, 2017, the Court entered an order granting Castle's motion for JOP. (Doc. 146).[3] Although Castle raised a number of arguments, the Court found one to be dispositive: that the relator failed to plead, with the particularity required by Rule 9(b), that Castle *actually submitted* to the government any false claim for payment. (*Id*. at 2-11). Castle's brief requested as relief the dismissal with prejudice of all claims against it and the entry of judgment against the relator. (Doc. 125 at 24). The relator voiced no objection to this as the appropriate form of relief, and the Court granted it, dismissing all claims with prejudice and entering judgment in favor of Castle and against the relator. (Doc. 146 at 13; Doc. 147).

The instant motions were filed on November 22, 2017. Briefing was completed on December 18, 2017, (Doc. 168), but when the Court reviewed the briefs in January 2018, it learned that the relator – who had filed her proposed third amended complaint and motion to alter, amend or vacate under seal – had not sent Castle a copy of these filings. The result was that Castle quietly filed its brief in opposition to the motions despite being in ignorance of what it was opposing. Once the Court discovered this, it ordered the motion and proposed pleading disclosed to Castle and afforded Castle additional time within which to file a supplemental response to the motions. (Doc. 169). Castle has done so, (Doc. 174), thereby concluding the briefing on the motions.

## DISCUSSION

Although the relator invokes Rule 59(e), her motion is not governed by that rule. "The strictures of Rule 59(e) remain dormant … until a final judgment has been entered." *Hertz Corp. v. Alamo Rent-A-Car, Inc*., 16 F.3d 1126, 1132 (11th

---

[3] *United States ex rel. Carver v. Physicians Pain Specialists, P.C.*, 2017 WL 4873710 (S.D. Ala. 2017).

Cir. 1994). The Court entered judgment in favor of Castle, but it did not enter a final judgment. Castle is only one of five defendants to this action; while the other four have suffered entry of default, they remain as defendants. (Docs. 93, 99-100, 122-23). In such a situation, a judgment as to a single defendant such as Castle constitutes a final judgment only if the Court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Neither the judgment nor the order granting the motion for JOP includes such language. The order and judgment therefore did "not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id*. The Court's ruling, in other words, remains interlocutory and subject to revision. *E.g., Harper v. Lawrence County*, 592 F.3d 1227, 1231 (11th Cir. 2010) ("[A] district court may reconsider and amend interlocutory orders at any time before final judgment.").[4] The Court therefore construes the relator's motion as one to reconsider an interlocutory order rather than as a motion to alter, amend or vacate a final judgment.

While the nomenclature of the relator's motion changes, the governing standards remain substantially the same. As the Court has ruled countless times, "[a] motion to reconsider is only available when a party presents the court with

---

[4] Castle's frustration with the "technicality" that defaulted defendants remain in the action, (Doc. 166 at 4), does not excuse compliance with the governing procedural rules. Had Castle desired a final judgment under Rule 54(b), it was at all times free to request one, and its failure to do so is its responsibility alone.

Castle suggests that the Court's order and judgment worked an immediately appealable final judgment under *Czeremcha v. International Association of Machinists and Aerospace Workers,* 724 F.2d 1552 (11th Cir. 1984). (Doc. 166 at 3). *Czeremcha*, however, stated only that the dismissal of a complaint terminates the action if the Court rules that no amendment is possible or that the dismissal of the complaint constitutes a dismissal of the action. 724 F.2d at 1554. *Czeremcha* was decided in the context of a one-defendant case, and Castle identifies no principle that could extend *Czeremcha* so as to override Rule 54(b) in a multi-defendant case. In any event, the Court neither dismissed the complaint (it dismissed only the claims therein asserted against Castle), ruled that no amendment is possible, nor stated that it was dismissing the action. Thus, *Czeremcha*'s requirements are not met.

4

evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted). The relator asserts that she has culled from Castle's mammoth document production several documents clearly demonstrating that Castle actually submitted false claims to the government, thus triggering the "new evidence" justification for reconsideration. (Doc. 158 at 11-14).[5]

As noted in the Court's order granting the motion for JOP, such a motion must be based on the pleadings and any judicially noticed facts. (Doc. 146 at 2). The relator's proffered evidence is neither and thus cannot be considered on a motion for JOP or, by extension, on a motion to reconsider a ruling on a motion for JOP. The relator, recognizing this difficulty, asks the Court to convert the motion for JOP into a motion for summary judgment pursuant to Rule 12(d). (Doc. 158 at 1). Because "[a]ll parties [have not been] given a reasonable opportunity to present all the material that is pertinent to the motion," Fed. R. Civ. P. 12(d), the Court declines the relator's invitation.

The relator's motion to reconsider having failed, the Court turns to her motion for leave to amend the complaint. "[W]e find it appropriate to adopt the rule that after a complaint is dismissed the right to amend under Rule 15(a) terminates; the plaintiff, however, may still move the court for leave to amend, and such amendments should be granted liberally …." *Czeremcha*, 724 F.2d at 1556 (footnote omitted). The rule is otherwise only if the Court states that no

---

[5] The relator also argues that Ruan's admission of a conspiracy to defraud the government is of itself sufficient to satisfy Rule 9(b) with respect to the actual submission of false claims to the government. (Doc. 158 at 14-16). This is not the argument the relator made in opposition to Castle's motion for JOP, (Doc. 133 at 14-18, 26), so it cannot form the basis of a successful motion to reconsider. Moreover, the argument runs up against the Eleventh Circuit authority cited by the Court for the proposition that particularized allegations regarding the fraudulent scheme do not suffice as particularized allegations of the actual submission to the government of fraudulent claims. (Doc. 146 at 8).

5

amendment is possible or that dismissal of the complaint also constitutes dismissal of the action. *Id*. at 1554 n.4 and 1556 n.6. As discussed in note 4, *supra*, the Court did neither. The relator's ability to move for leave to amend thus remains intact.[6]

When considering a motion for leave to amend, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial …." *Spanish Broadcasting System, Inc. v. Clear Channel Communications, Inc*., 376 F.3d 1065, 1077 (11th Cir. 2004). Such reasons include undue delay, undue prejudice to the defendant, and futility of amendment. *Id*. Castle claims all three.

Castle's futility argument depends on its unsupported assumption that the only way a relator can satisfy Rule 9(b) is if she possesses "firsthand knowledge" that the defendant actually submitted false claims. (Doc. 166 at 15-16; Doc. 174 at 15-17). Because the allegations of the proposed amended complaint regarding Castle's submission of false claims to the government is based on documents the relator received in discovery, Castle concludes that her proposed pleading would be subject to dismissal were it allowed.

As the Court noted in its previous order, what is required is "some indicia of reliability." *United States ex rel. Clausen v. Laboratory Corporation of America, Inc*., 290 F.3d 1301, 1311 (11th Cir. 2002). While sufficient indicia of reliability may be shown by the relator's "personal knowledge that the Defendants actually submitted" false claims to the government, *United States ex rel. Mastej v. Health Management Associates, Inc*., 591 Fed. Appx. 696, 707 (11th Cir. 2014), it

---

[6] While "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court," *Wagner v. Daewoo Heavy Industries America Corp*., 314 F.3d 541, 542 (11th Cir. 2002) (en banc), that exception does not apply here, where the relator has expressly sought leave to amend.

6

is not the only way.  The *Clausen* Court, for example, indicated that a relator could provide sufficient indicia of reliability by presenting billing information obtained from the government.  290 F.3d at 1314 n.25.  The *Clausen* Court similarly indicated that sufficient indicia of reliability could be found in second-hand allegations regarding the defendant's billing policies and practices.  *Id*. at 1312.  Because Castle has failed to demonstrate that the exclusive means of satisfying Rule 9(b) is through the relator's firsthand knowledge of the submission of false claims, its argument must fail.[7]

Within the portion of its briefs addressing the motion to alter, amend or vacate, Castle raises the additional futility argument that the relator is precluded by law from using discovery from Castle in support of her complaint.  (Doc. 166 at 10-12; Doc. 174 at 10-12).  As it did in pursuing its motion to stay discovery pending a ruling on its motion for JOP, Castle relies on cases standing for the proposition that a plaintiff is not, over timely objection, entitled to discovery before adequately pleading her claim.  As the Court previously ruled, however, "[t]he discovery rules protect those who seek their protection."  (Doc. 143 at 6).  By cooperating in the presentation of a Rule 26(f) report and then sitting idly by after being served with discovery requests until it was in default of its discovery obligations, Castle forfeited any right to rely on the general rule.

Castle argues that the relator unduly delayed in seeking to amend her complaint because she learned in July 2017 that Castle intended to challenge the sufficiency of her pleading by a motion for JOP and yet did not file the instant motion for leave to amend until October 2017, three months later.  (Doc. 166 at 8-9, 16-17; Doc. 174 at 8-10, 17-18).  The relator's amended complaint, however, is based on documents she received only on September 26, 2017, a mere month

---

[7] Because Castle presents no argument regarding the strength *vel non* of the evidence the relator has culled from its document production regarding the actual submission of false claims to the government, the Court does not consider whether that evidence provides adequate indicia of reliability to satisfy Rule 9(b).

7

before she filed her motion, and Castle does not explain how she could have moved for leave to amend before receiving and reviewing the documents on which the proposed amendment is based. Given that Castle produced about 14,000 pages of paper, the relator's motion was filed with almost breathtaking speed.[8] Nor does Castle cite any authority for the proposition that three months is such a long delay as to justify denial of a motion for leave to amend; the Eleventh Circuit cases upholding denials of leave to amend based on undue delay involve delays measured in years and/or extending beyond key deadlines.[9]

Finally, Castle argues that it will be unduly prejudiced if amendment is allowed because it will lose the benefit of the previous dismissal of the relator's claims and will be required to defend this lawsuit, at considerable expense. (Doc. 166 at 17-19; Doc. 174 at 18-20). The mere fact that amendment would result in reinstatement of claims that have been dismissed does not constitute undue prejudice for purposes of Rule 15(a)(2). On the contrary, "[g]ranting leave to amend is especially appropriate … when the trial court has dismissed the

---

[8] A stack of 14,000 pages of paper would rise almost five feet high.

[9] *See, e.g., Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (seven weeks after close of discovery, after dispositive motions filed); *Florida Evergreen Foliage v. E.I. DuPont de Nemours & Co.*, 470 F.3d 1036, 1040-41 (11th Cir. 2006) ("years" after complaint filed, and after several dispositive motions and certified questions were resolved, and during interlocutory appeal); *Andrx Pharmaceuticals, Inc. v. Elan Corp.*, 421 F.3d 1227, 1237 (11th Cir. 2005) (over a year after complaint filed); *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1214, 1218 (11th Cir. 2004) (over a year and a half after complaint filed, and six months after the deadline for amendments); *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1275 (11th Cir. 2001) (well over a year after complaint filed, and long after the deadline for amendments); *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) (over a year after complaint filed, and eight months after the deadline for amendments); *Jennings v. BIC Corp.*, 181 F.3d 1250, 1258 (11th Cir. 1999) (almost three years after complaint filed, and five months after the deadline for amendments); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (over three years after complaint filed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (over five years after complaint filed, and after discovery ended and dispositive motions filed); *Hester*, 941 F.2d at 1578-79 (over two years after complaint filed).

complaint for failure to state a claim," unless the defendant shows undue prejudice resulting from particular circumstances. *Griggs v. Hinds Junior College*, 563 F.2d 179, 180 (5th Cir. 1977); *accord Thomas v. Farmville Manufacturing Co.*, 705 F.2d 1307, 1307-08 (11th Cir. 1983); *Marrero v. City of Hialeah*, 625 F.2d 499, 512 (5th Cir. 1980). And as the Court has noted, "[i]t is well-settled that allegations that an amendment will require the expenditure of some additional time, effort, or money do not constitute undue prejudice" sufficient to justify denying a motion under Rule 15(a)(2). *Allstate Insurance Co. v. Regions Bank*, 2014 WL 4162264 at *6 (S.D. Ala. 2014) (internal quotes omitted).

## CONCLUSION

For the reasons set forth above, the relator's motion to alter, amend or vacate, construed as a motion to reconsider, is **denied**, and her motion for leave to file a third amended complaint is **granted**. The judgment entered in favor of Castle is **vacated**. The relator is **ordered** to file and serve her third amended complaint on or before **April 9, 2018**.

DONE and ORDERED this 2nd day of April, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE