IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *ex rel.* LORI L. CARVER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 13-00392-WS-N |
| | ) | |
| PHYSICIANS PAIN SPECIALISTS | ) | |
| OF ALABAMA, P.C., *et al.*, | ) | |
|     Defendants. | ) | |

## ORDER

This action is before the Court on the "Motion to Stay Discovery and Quash Relator's Subpoena Duces Tecum to Lou Paravate" (Doc. 182) filed by Defendant Castle Medical, LLC ("Castle"). The Court has referred the motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (8/3/2017 & 4/16/2018 electronic referral). Relator Lori L. Carver has filed a response (Doc. 185) to the motion, Castle has filed a reply (Doc. 187) to the response, and the motion is now under submission (*see* Doc. 183).

On October 27, 2017, the Court granted judgment on the pleadings under Federal Rule of Civil Procedure 12(c) in favor of Castle on all claims against it in Carver's second amended complaint. (*See* Doc. 146). However, on April 3, 2018, the Court, over Castle's opposition, vacated that grant of judgment on the pleadings and granted Carver leave to file a third amended complaint. (*See* Doc. 175). Castle's subject motion requests that discovery in this action be stayed until the Court has ruled on Castle's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the third

amended complaint (Doc. 184). In response, Carver believes that she should be entitled to engage in discovery just as if no motion to stay had been filed," but alternatively asserts she is willing "to pursue only the taking of Mr. Paravate's deposition and to pursue any responsive documents that her lawyers believe have not yet been produced" to discovery responses served prior to the previous grant of judgment on the pleadings. (Doc. 185 at 1). In reply, Castle continues to insist for a stay of all discovery pending a ruling on its Rule 12(b)(6) motion.

The Court has wide discretion in setting discovery limits. *See, e.g.*, *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 354 (11th Cir. 2012). Previously, the undersigned denied Castle's motion to stay discovery pending the Court's ruling on its motion for judgment on the pleadings, concluding that Castle had unreasonably delayed in both filing its Rule 12(c) motion and requesting a stay of discovery, and had failed to show at the time that its Rule 12(c) motion was so clearly meritorious as to warrant a stay of discovery pending disposition of the motion. (*See* Doc. 139).[1] However, given the current circumstances and procedural posture of the case, the undersigned finds that Castle's present motion for a complete stay of discovery is due to be granted.

Unlike when Castle previously attempted to short-circuit discovery after voluntarily allowing it to commence and significantly proceed, discovery between Castle and Carver has been at a standstill for over five months between the grant of judgment on the pleadings and the filing of the third amended complaint. This will likely necessitate amending the Federal Rule of Civil Procedure 16(b) schedule; indeed, Carver has indicated her intent to file a motion to do so. (*See* Doc. 106; Doc. 185 at 1

---

[1] The District Judge affirmed that decision after objection was made under Federal Rule of Civil Procedure 72(a). (*See* Doc. 143).

n.1). Moreover, this time Castle has promptly sought dismissal of the operative complaint under Rule 12.

Carver has already received a second chance to plead her claims against Castle after choosing to defend, unsuccessfully, the sufficiency of her allegations in the second amended complaint on the merits, rather than attempting to amend her complaint prior to dismissal under Rule 15(a)(2) to address the deficiencies noted in Castle's Rule 12(c) motion with the discovery she had already received (as she has apparently done in her third amended complaint). Generally, "[d]iscovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) (quoted favorably in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). Given that Castle successfully obtained dismissal of Carver's second amended complaint for failure to adequately plead its claims, and given the significant amount of time discovery between Castle and Carver has been at a stand-still since the third amended complaint was filed – a delay which will likely require extending discovery and related deadlines anyway – the undersigned concludes that Castle should be given the chance to obtain dismissal once more before being subjected to further discovery in this action, and that Carver will not be significantly prejudiced by any such delay.[2]

---

[2] As for Carver's assertion that she should at least be allowed to further pursue discovery that was sought prior to the grant of judgment on the pleadings, the undersigned is not persuaded that denying her the ability to do so works any fundamental unfairness. Subject to any Rule 16(b) deadline for dispositive motions, a party may move for judgment on the pleadings at any time "after the pleadings are closed…but early enough not to delay trial." Fed. R. Civ. P. 12(c). Thus, Rule 12(c) clearly contemplates that such a motion could be brought and granted while

3

Accordingly, it is **ORDERED** that Castle's second motion to stay (Doc. 182) is **GRANTED** and that all discovery in this action is **STAYED** pending the Court's ruling on Castle's pending Rule 12(b)(6) motion to dismiss the third amended complaint (Doc. 184). This stay of discovery **shall dissolve without further court order** the day following the date the Court enters an order completely disposing of Castle's Rule 12(b)(6) motion (Doc. 184). To the extent any party believes it necessary to amend the Rule 16(b) scheduling order (Doc. 106) thereafter, the party should file a motion for such relief under Rule 16(b)(4).[3]

**DONE** and **ORDERED** this the 9th day of May 2018.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

discovery is ongoing, resulting in discovery requests served prior to the grant of judgment going unanswered, and depositions noticed prior to the grant of judgment left untaken.

[3] Castle's motion also requested that the Court quash the deposition of Lou Paravate that Carver had noticed for May 2, 2018 (*see* Doc. 180). In her response, filed April 23, 2018, Carver represents "that Castle's counsel has advised that the May 2 date presents a conflict" and that her counsel "have expressed their willingness to find a substitute date suitable to everyone." (Doc. 185 at 2 n.3). Given that Carver voluntarily postponed Paravate's deposition, the request to "quash" the May 2 deposition notice is **MOOT**.